IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL EMMANUEL ISHMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-11-PRW |
| ) | |
| COMANCHE COUNTY COURTHOUSE, ) | |
| ) | |
| Respondent. ) | |

### ORDER

This case comes before the Court on United States Magistrate Judge Gary M Purcell's Report & Recommendation (Dkt. 8), recommending that Petitioner's 28 U.S.C. § 2254 petition be dismissed as untimely, and Petitioner Michael Emmanuel Ishman's Objection (Dkt. 13). Magistrate Judge Purcell concluded that Petitioner's Antiterrorism and Effective Death Penalty Act (AEDPA) one-year limitations period to file a § 2254 petition expired on June 13, 2022. And since Petitioner did not file this petition until January 4, 2023, Magistrate Judge Purcell concluded that it was untimely and must be dismissed. Petitioner's objection takes issue with Magistrate Judge Purcell's conclusion that Petitioner is not entitled to equitable tolling of his AEDPA limitations period. In support of this contention, Petitioner avers to general concerns related to prison life, as well as a recent four-week period of segregation.

Upon review, the Court agrees with Magistrate Judge Purcell and concludes that Petitioner's petition must be dismissed as untimely. Petitioner's objection does not dispute

1

Magistrate Judge Purcell's conclusion that this petition was filed after the expiration of AEDPA's one-year limitations period.[1] And the Court agrees with Magistrate Judge Purcell that Petitioner is not entitled to equitable tolling. "Equitable tolling is a rare remedy"[2] that is "to be applied sparingly."[3] "In order to receive the benefit of equitable tolling, [a habeas petitioner] *must show* . . . 'that some extraordinary circumstance stood in his way and prevented timely filing.'"[4] General concerns are not enough; a habeas petitioner has a "strong burden to show specific facts" that prevented him or her from timely filing a petition.[5]

Petitioner's objection does not demonstrate an extraordinary circumstance that entitles him to equitable tolling. To begin, "general difficulties" related to pursuing legal action from prison are insufficient to demonstrate an extraordinary circumstance justifying equitable tolling.[6] The mere fact of proceeding *pro se* is not extraordinary, nor are generalized difficulties with accessing legal materials or working under prison conditions.[7] Petitioner's most specific factual averments relate to a period of segregated confinement,

---

[1] To the extent that Petitioner has presented an adequate objection, the Court has reviewed Magistrate Judge Purcell's analysis de novo and agrees with Magistrate Judge Purcell's AEDPA period calculations.

[2] *Wallace v. Kato*, 549 U.S. 384, 396 (2007).

[3] *Nat'l. R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002).

[4] *Porter v. Allbaugh*, 672 F. App'x 851, 856 (10th Cir. 2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

[5] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir. 2008)).

[6] *Porter*, 672 F. App'x at 857.

[7] *Id.*; *see* Objection (Dkt. 13), at 6.

apparently ongoing for four weeks at the time the petition was filed. But even if this Court were to consider that particular circumstance "extraordinary," it alone falls far short of justifying the preceding five-months' delay. Petitioner has failed to identify any circumstance unique or specific to his situation that prevented him from filing a timely petition. Because his general concerns related to access to legal materials are insufficient, Petitioner has not demonstrated an extraordinary circumstance entitling him to equitable tolling. Absent equitable tolling, Petitioner's petition was untimely and must be dismissed.

Accordingly, the Court hereby **ADOPTS** the Report & Recommendation (Dkt. 8) and **DISMISSES** the Petition (Dkt. 1) with prejudice.[8]

**IT IS SO ORDERED** this 16th day of June, 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[8] Before a habeas petitioner may appeal the dismissal of a section 2254 petition, he must obtain a Certificate of Appealability (COA). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.